UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

CHRIS G. ALEVRAS,                       :

               Plaintiff,            :        06 Civ. 1874 (JGK)(HBP)

  -against-                             :        MEMORANDUM OPINION
                                                    AND ORDER
MARILYN PAULIS-KNESKI, et al.,          :

               Defendant.            :

----------------------------------------X

       PITMAN, United States Magistrate Judge:

       I write to address several discovery matters raised by correspondence from defendants and plaintiff, dated November 1 and November 15, 2006, respectively.

       In light of plaintiff's pro se status and his willingness to forego deposition discovery, plaintiff may pose a total of 75 interrogatories to defendants. In responding to plaintiff's interrogatories, defendants may assert any objection that is appropriate except an objection based on Local Civil Rule 33.3(a). Plaintiff shall not conduct any depositions in this matter.

       Plaintiff's application to compel defendants to serve a second amended Rule 26(a)(1) disclosure is denied. If a party believes that an individual is not properly identified in a Rule 26(a)(1) disclosure, the Court cannot order that party to list such individual. If an individual is improperly omitted from a

Rule 26(a)(1) disclosure and he or she is not otherwise identified or disclosed in the proceedings as a potential witness, the automatic sanction is preclusion. Fed.R.Civ.P 37(c)(1).

The authorities cited in defendants' submission clearly demonstrate that plaintiff cannot continue to prosecute this action and rely on the protection of N..Y. Crim. Proc. L. § 160.50. See Green v. Montgomery, 219 F.3d 52, 57 (2d Cir. 2000); Hyer v. City of New York, 05 Civ. 7728 (DLC), 2006 WL 2053195 at *2 (S.D.N.Y. July 21, 2006); Perez v. City of New York, 02 Civ. 3670 (WK), 2003 WL 1992437 at *1-*2 (S.D.N.Y. Apr. 10, 2003). Plaintiff's waiver argument is unconvincing because the District Attorney's Office is distinct from the Corporation's Counsel's Office; neither controls the other and the inaction of one is not chargeable to the other. In addition, plaintiff's reliance on Fountain v. City of New York, 03 Civ. 4526 (RWS), 2004 WL 941242 (S.D.N.Y. May 3, 2004) is misplaced because the issue in that case was discovery of the sealed arrest records non-party arrestees.

Accordingly, within thirty (30) days of the date of this Order, plaintiff shall either (1) provide a release to defendants' counsel for all records concerning the arrest and prosecution at issue in this case that are currently sealed pursuant to N.Y. Crim. Proc. L. § 160.50, or (2) subpoena from

the appropriate authorities all records concerning the arrest and prosecution at issue in this case that are currently sealed pursuant to N.Y. Crim. Proc. L. § 160.50 and provide copies of all such records to counsel for defendants.  If plaintiff elects to follow the former course, defendants' counsel is directed to provide copies of all records obtained pursuant to the release to plaintiff within ten (10) days of their receipt by defendant.

Dated:  New York, New York
        November 22, 2006

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Chris J. Alevras, Esq.
727 Raritan Road
Suite 202A
Clark, New Jersey  07066-6749

Vivian Najib, Esq.
Assistant Corporation Counsel
City of New York
100 Church Street
New York, New York  10007